IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DELROY T. BOOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-060 |
| | ) | |
| WARDEN CHAMBERS, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Johnson State Prison in Wrightsville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

**I.   BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three actions or appeals that were dismissed as frivolous or for failure to state a claim and count as strikes: Booth v. Gwinnett Cnty., No. 1:19-cv-0908, doc. no. 14 (N.D. Ga. May 5, 2019) (dismissing for failure to state a claim); Booth v. Allen, No. 4:21-CV-239-AT-WEJ, doc. no. 10 (N.D. Ga. June 7, 2022) (dismissing at screening when complaint showed failure to exhaust administrative remedies); and Booth v. Allen, No. 22-12195-J, 2022 WL 18109880, at *1 (11th Cir. Dec. 27, 2022) (dismissing appeal of 4:21-CV-239 as frivolous). Dismissal of the complaint and appeal in Booth v. Allen both as strikes. See Daker v. Jackson, 942 F.3d 1252, 1256 (11th Cir. 2019) (explaining denial of appeal as frivolous constitutes strike); Howard v. Kraus, 642 F. App'x 940, 943 (11th Cir. 2016) (agreeing both dismissal of appeal and cases underlying the appeal each constituted strikes); Zammiello v. Jones, No. 4:16CV572-

MW/CAS, 2016 WL 7007536, at *2 (N.D. Fla. Oct. 25, 2016) (same), *adopted by* 2016 WL 6988490 (N.D. Fla. Nov. 28, 2016); see also Wells v. Brown, 58 F.4th 1347, 1350 (11th Cir. 2023) (holding dismissal for failure to exhaust constitutes a strike "if the failure to exhaust appears on the face of the prisoner's complaint").

Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger of serious physical injury at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff's complaint concerns alleged violations of the First Amendment when he was transferred across several prisons and placed in administrative segregation in retaliation for various complaints, requests, and lawsuits. (See generally doc. no. 1.) His allegations of danger are scant: He requested protective custody in 2020 because he "was scared for [his] life" and quickly references, without describing, a Prison Rape Elimination Act incident. (Id. at 4, 8.) None of these allegations show he is in imminent danger of serious physical injury so as to be exempted from the three strikes rule. See Odum v. Bryan Cnty, Judicial Circuit, No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent). For these reasons, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III.    CONCLUSION

In summary, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 4th day of August, 2023, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA